Gerald N. PELLEGRINI, Plaintiff
v.
COMMISSIONER OF PATENTS AND TRADEMARKS, Defendant

No. 79-2522-F

United States District Court
Commonwealth of Massachusetts

March 13, 1981

Counsel for Plaintiff Pro Se.
**Donald R. Anderson, Asst. U.S. Attorney,** counsel for Defendant.

### MEMORANDUM

**FREEDMAN, D.J.** This case arises out of the rejection of plaintiff's application for issuance of a patent. It is before the Court today for **de novo** review of Magistrate Cohen's recommendation that the complaint be dismissed. 28 U.S.C. sec. 636(b)(1)(C). Plaintiff appears pro se.

**I**

The record indicates that plaintiff applied for a patent pursuant to 35 U.S.C. sec. 131.[1] When that application was denied, plaintiff responded by bringing this action for denial of due process under 35 U.S.C. sec. 131, and for relief of fees or in the alternative grant of a patent. See Complaint, PPs. 2, 3; **see also** Correction of, Cause. Jurisdiction apparently rests upon either 28 U.S.C. sec. 1331 (federal question), or 28 U.S.C. sec. 1343(a)(4).

The Magistrate determined that 35 U.S.C. sec. 131, while perhaps imposing a duty upon the Commissioner, did not give this Court jurisdiction ''under the provisions of 28 U.S.C. sec. 1343 or any other statute'' to resolve an alleged breach of that duty. In support of his conclusion, the Magistrate cited to **Chapman v.**

**Houston Welfare Rights Organization,** 441 U.S. 600 (1979).

### II. ANALYSIS
#### A. Standard of Review

In considering a motion to dismiss, the Court accepts as true all material allegations of the complaint. **O'Brien v. DiGrazia,** 544 F. 2d 543, 545 (CA 1, 1976) **cert. denied,** 431 U.S. 914 (1977). The Court then looks to see whether the plaintiff is entitled to relief under any set of facts which could be proved in support of the claims alleged in the complaint. **Conley v. Gibson,** 355 U.S. 41, 45-46 (1957).

In a case such as this, where plaintiff is proceeding pro se, the Court will construe the complaint in the light most favorable to the plaintiff, **see Sisbaro v. Warden,** 592 F. 2d 1, 2 (CA 1, 1979), mindful that a Rule 12 motion is not the remedy for inartful pleading.

#### B. Plaintiff's Objections

The plaintiff objects to several aspects of the Magistrate's recommendation, but his claims fall primarily in two areas. He first notes that the Magistrate focused unduly upon the jurisdiction of the Court to refund fees, when in fact that was only one of several alternative remedies proposed. Since plaintiff has waived his claim that the Court grant a patent at hearing before the Magistrate, **see** Magistrate's Report at 3, fn. 1, and now appears to disclaim his demand for refund of fees, the Court is at a loss to determine exactly what relief he now seeks. This alone would warrant dismissal.

Plaintiff goes on, however, to claim a right to relief for deprivation of his constitutional right to issuance of a patent. In this connection he challenges the Magistrate's reliance on **Chapman,**

---

[1] Section 131 provides:
The Commissioner shall cause an examination to be made of the application and the alleged new invention; and if on such examination it appears that the applicant is entitled to a patent under the law, the Commissioner shall issue a patent therefor.

and contends that sec. 1343 jurisdiction in fact exists. I must admit that the applicability of **Chapman** to this type of case is not entirely clear.

Plaintiff notes, with some acuteness, that **Chapman** deals with the Social Security Act, and not the Patent Act. While **Chapman** held that the Social Security Act was not a statute securing "equal rights" or "civil rights" within the meaning of 28 U.S.C. sec. 1343, it does not necessarily follow that the Patent Act, and in particular 35 U.S.C. sec. 131, is in the same category. However, the Magistrate's approach to dismissal in this case is not critical, for he clearly reached the proper result.

## C. Other Grounds For Dismissal

Plaintiff's complaint is fatally flawed in two respects. He initially concedes that he has not followed the path of administrative review, but argues that he has in fact exhausted his administrative remedies. It appears that his only action in this respect was to seek a waiver of the fee for appeal to the Board of Appeals. See Plaintiff's Brief for Hearing of February 4, 1981 at 3. He further argues that because he is not challenging a final decision reached through the administrative process, he is not bound by the relevant jurisdictional and venue statutes.

I must begin by noting that the plaintiff misapprehends the administrative review process. Once the Commissioner has reviewed and rejected an application for a patent under 35 U.S.C. sec. 131, the applicant is entitled to re-examination. 35 U.S.C. sec. 132. If the re-examination results in a second rejection, the applicant has an appeal to the Board of Appeals. 35 U.S.C. sec. 134. Plaintiff has omitted these steps, arguing that they are too expensive. However, compliance with procedure is not at the discretion of the plaintiff, especially where the procedure is explicitly created by statute.

Moreover, exhaustion of administrative remedies is a prerequisite for judicial review. An applicant dissatisfied with the decision of the Board of Appeals has the choice of bringing an action in the Court of Customs and Patent Appeals, 35 U.S.C. sec. 141, or in the alternative by bringing an action in the United States District Court for the District of Columbia, 35 U.S.C. sec. 145. While the District Court does have general jurisdiction over cases raising patent claims, 28 U.S.C. sec. 1338, that jurisdictional grant is superceded by 35 U.S.C. sec. 145 where denial of an application is at issue. **Paley v. Wolk,** 262 F. Supp. 640, 642 (E.D. Ill. 1965) **cert. denied,** 386 U.S. 963 (1966). In such circumstance, a District Court action can only be brought in the District of Columbia. **Id.**

Plaintiff seeks to avoid the strictures of administrative procedure and jurisdictional limitation by characterizing this action as one to redress deprivation of civil rights. In view of the fact that his claim arises solely out of the denial of a patent, and in view of the fact that Congress has explicitly defined the process to be followed by a party seeking redress for denial of a patent, I cannot accept the plaintiff's characterization. Even assuming that 35 U.S.C. sec. 131 creates an actionable right, such a right can only be pursued in accordance with the statutory scheme.

## III. CONCLUSION

Upon review of the record, including the pleadings of all parties and the Magistrate's Recommendation, I agree with the Magistrate's conclusion that this action should be dismissed. Because of the limited number of issues raised on this *de novo* review; and because those which were raised are exclusively legal in nature, there is no need for any further hearing in this case. See Local Rules for United States Magistrates 3(d).

An appropriate order shall issue.

**Frank H. Freedman**
**U.S. District Judge**